# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

COURTNEY O. HUNT                                                                                    PLAINTIFF

V.                                                                                        NO. 1:08CV286-SA-DAS

PAUL BARNES                                                                                        DEFENDANT

## REPORT AND RECOMMENDATIONS

Before the court in this Social Security case is the Commissioner's motion to dismiss (# 18). The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendations. By Order (# 20) dated February 16, 2010, the court determined that because the defendant had submitted matters outside the pleadings in support of the motion to dismiss, the motion would be converted into a motion for summary judgment. Accordingly, the pro se prisoner plaintiff was provided with instructions on summary judgment procedure and proof and was granted an additional ten days to respond to the defendant's motion. The plaintiff filed his response on February 22, 2010. The court, having duly considered the submissions of the parties, the record, and the applicable law, finds as follows:

On May 7, 2009, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* in this action. The complaint states that the plaintiff seeks to appeal an adverse decision by the "Office of Hearings and Appeals of the Social Security Administration, upon a claim for a Period of Disability and for Disability Insurance Benefits." The plaintiff has named Paul Barnes, whom he identifies as regional commissioner of social security, as a defendant. On January 25, 2010, Michael J. Astrue, the Commissioner of the Social Security Administration ("SSA"), moved to dismiss this case, arguing that the plaintiff failed to exhaust administrative remedies prior to filing this action, thereby depriving this court of jurisdiction over the claims asserted in

the complaint. The court agrees with the Commissioner.

The Social Security Act provides for district court review of the final decision of the Commissioner. Title 42 U.S.C. § 405(g) provides, in pertinent part that:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). A Social Security claimant must exhaust administrative remedies before seeking review in federal court. *Sims v. Apfel,* 530 U.S. 103, 107 (2000); *see also* 20 C.F.R. §§ 404.900(a)(5), (b), 416.1400(a)(5), (b); 42 U.S.C. § 405(g) (providing for judicial review of "final" administrative decisions).

A court should not review the Commissioner's final decision unless the claimant has exhausted his administrative remedies. *See Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.1994). A claimant fails to exhaust his administrative remedies if he does not raise a claim of error to the Appeals Council before filing suit on that basis. *McQueen v. Apfel,* 168 F.3d 152, 155 (5th Cir.1999). The necessity of presenting a claim to the Commissioner is jurisdictional and non-waivable. *Ellison v. Califano,* 546 F.2d 1162, 1164 (5th Cir.1977). Exhaustion of the administrative remedies is completed upon the issuance of a final decision by the Appeals Council. *Harper v. Bowen,* 813 F.2d 737, 739 (5th Cir.1987). Thereafter, a claimant may seek judicial review by filing a complaint in the district court. *Harper,* 813 F.2d at 730 (citing 20 C.F.R. §§ 416.1400 and 416.1481 and *Califano v. Sanders,* 430 U.S. 99, 108-09 (1977)).

Exhaustion of administrative remedies requires a claimant to:

1. Present a claim and receive an initial determination and, if dissatisfied-

      2. Request reconsideration of the initial determination and, if dissatisfied-

      3. Request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge-

      4. Request review by the Appeals Council.

20 C.F.R. § 404.900(a)(1)-(4). The Commissioner's decision is final, and the claimant may seek federal court review only when the claimant has completed the steps of the administrative review process listed in paragraphs 1 through 4 above. *See id.* § 404.900(a)(5).

      In this case the defendant has presented a declaration from Patrick J. Herbst, an agent with the Office of Disability Adjudication and Review of the SSA. Mr. Herbst's declaration along with other documentary evidence indicates that on July 15, 2008, the plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI"). On July 20, 2008, the plaintiff was notified that his claim for disability insurance benefits had been denied and that he had 60 days to request reconsideration. On August 27, 2008, the plaintiff was notified that his claim for SSI had been denied and that he had 60 days to request reconsideration of that determination as well. The SSA's file on the plaintiff's claims indicates that he failed to request reconsideration of either claim and that the claims have neither been considered by an administrative law judge nor by the Appeals Council.

      The plaintiff has failed to present any proof creating a genuine issue of material fact for trial. Indeed, in those few instances where the plaintiff's response is not completely unintelligible and incoherent, he complains about his current conditions of confinement despite clear instructions from the court regarding the proof that would be necessary to avoid summary judgment. Accordingly, the court finds that the plaintiff failed to exhaust his administrative remedies prior to initiating this action and that this court is, therefore, without jurisdiction to

consider his claims. *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000) (pointing out that judicial review is not proper where there is no final decision of the Commissioner). Therefore, it is my recommendation that the defendant's motion be granted and that this case be dismissed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 24[nd] day of March, 2010.

    **/s/ David A. Sanders**
    **UNITED STATES MAGISTRATE**